{¶ 21} I must respectfully dissent from my colleagues' decision that the trial court abused its discretion when denying Appellant's Civ.R. 60(B) motion for relief from judgment. The majority states that Appellant alleged fraud in the inducement as a defense to the cognovit judgment and concludes that she alleged sufficient facts to demonstrate this meritorious defense. Opinion at ¶ 17. But Appellant never alleged that Second National Bank or any of its employees defrauded her. Instead, she claims that Jones, a third-party to this action, defrauded her. Her only claim against Second National Bank is for breach of fiduciary duties.
 {¶ 22} This court has previously held that a claim of breach of fiduciary duty is not a defense to an action on a cognovit note; rather, it is a claim that must be brought in a separate action. See Leonard v. Bank One of Youngstown, Ohio (Dec. 24, 1997), 7th Dist. No. 96-C.A.-42; Leonard v. Bank One ofYoungstown (Feb. 27, 1992), 7th Dist. No. 91 C.A. 78. Thus, even if Appellant alleged sufficient facts to support her claim for breach of fiduciary duty, the trial court could not grant her relief from judgment in this case.
 {¶ 23} Because Appellant did not allege a meritorious defense to the cognovit judgment, the trial court properly denied her motion for relief from judgment. The judgment of the trial court should be affirmed.